IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

VINCENT ELLISON,             )
                                   )
         Plaintiff,        )
                                   )
   v.                     )      CIVIL ACTION NO. 2:18-CV-708-MHT
                                 )              [WO]
AUTAUGA COUNTY CIRCUIT COURT,   )
ALABAMA, *et al.*,            )
                                   )
         Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, files this 42 U.S.C. § 1983 action against the Autauga County Circuit Court, the Autauga County District Attorney's Office, District Attorney Randall Houston, and Judge Ben Fuller.  He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were being abridged by the conduct and actions of Defendants regarding his state criminal proceedings before the Circuit Court for Autauga County, Alabama.  Plaintiff requests declaratory relief, injunctive relief, and damages.  Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 4.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

**A.**     **Judge Fuller**

   *1.*     ***Damages***

Plaintiff complains Judge Fuller entered orders prohibiting him from filing motions *pro se* and allowed his attorney to withdraw from his case after it had been set for trial without filing a written motion or stating reasons for the request to withdraw. Doc. 1.  The allegations made by Plaintiff against Judge Fuller seek to challenge actions taken by him in his judicial capacity during state-court proceedings over which he had jurisdiction.

"Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Ct.*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)).  A circuit court judge is, thus, entitled to absolute immunity from damages for actions taken in his official capacity, even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

The court has reviewed Plaintiff's allegations against Judge Fuller and finds that they do not compel the conclusion that this defendant acted in clear absence of jurisdiction.  Accordingly, Plaintiff's claim for monetary damages against Judge Fuller is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

   *2.*     ***Declaratory and Injunctive Relief***

      **a.**     **Non-Final Orders**

Plaintiff's allegations against Judge Fuller concern rulings and decisions he made in his

judicial capacity during state-court criminal proceedings over which he had jurisdiction.  To the extent Plaintiff seeks relief from adverse decisions issued by Judge Fuller which are not yet final, he is not entitled to relief from this court on these claims because there is an adequate remedy at law. *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Plaintiff could appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Plaintiff to challenge non-final orders, Plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

### b.    Final Orders

With respect to the claims presented by Plaintiff challenging the constitutionality of orders issued by Judge Fuller which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Although "*Rooker-Feldman* is a narrow doctrine," it bars claims "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (citation and quotation makrs omitted); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state

court's action was unconstitutional"). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Fuller during proceedings related to Plaintiff's state-court case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. St. of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *Neitzke*, 490 U.S. at 327.

## B.     Defendant Houston

Plaintiff names District Attorney Randall Houston as a defendant.  He complains that Defendant Houston failed to present him with a true bill in discovery and did not inform the court of facts relevant to determining the order of cases on the docket. Doc. 1.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (citing *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976); *Burns v. Reed*, 500 U.S. 478, 492 (1991)); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City St. Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord Prince v. Wallace*, 568 F.2d 1176, 1178–79 (5th Cir. 1978).

4

To the extent Plaintiff's complaint against Defendant Houston concerns actions which arise from this defendant's role "as an 'advocate' for the state," such actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). Defendant Houston is, therefore, "entitled to absolute immunity for that conduct." *Id*.  Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state-court proceedings related to his criminal proceedings before the Circuit Court for Autauga County. *See Feldman*, 460 U.S. at 486–87; *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).  Thus, Plaintiff's complaint against Defendant Houston is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## C.     Autauga County Circuit Court

Plaintiff names the Autauga County Circuit Court as a defendant.  The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983. *See Moity v. La. St. Bar Assoc.*, 414 F. Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Dismissal of Plaintiff's complaint against the Autauga County Circuit Court is, therefore, appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## D.     Autauga County District Attorney's Office

Plaintiff names the Autauga County District Attorney's Office as a defendant.  Because this Office receives its funding from the State, it is deemed to be an agency of the State of Alabama. *Hooks v. Hitt*, 539 So. 2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state") (citing Ala. Code § 12-7-182 (1975)); *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 790 (1997) (observing that an Alabama district attorney is a state official).  Because an Alabama district attorney's office is a state agency, a suit filed against a state district attorney's office is akin to a suit brought against

the State. The Eleventh Amendment, however, bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the Autauga County District Attorney's Office is "based on an indisputably meritless legal theory," this defendant is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      Plaintiff's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i–iii).

2.      This case be DISMISSED prior to service of process.

It is further ORDERED that **on or before September 18, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 4th day of September, 2018.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE